UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALARRA DIANA BOUTELL,

    Plaintiff,                                             Case Number 11-10617
v.                                                     Honorable Thomas L. Ludington

W.H.B. COMPANY
and TIMOTHY D. BOUTELL,
jointly and severally,

    Defendants.
_____/

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION
AND DENYING PLAINTIFF'S PENDING MOTIONS AS MOOT**

Plaintiff Alarra Boutell ("Plaintiff"), her brother Timothy Boutell, a Defendant, and her sister Betsy Hurn, who is not a party to the case, are partners in two Family Limited Partnerships created by their father, William H. Boutell. The Family Limited Partnerships were created on November 23, 1998, and largely managed by William Boutell together with a number of other business investments until 2003. While each of the Family Limited Partnerships were created at the same time, they each had very different economic purposes. D&B Family Limited Partnership owns a number of investment properties and businesses and, accordingly, has its own sources of income. D, T & B Family Limited Partnership, by contrast, owns the family vacation home and is equally owned by the three children. D, T & B has not historically been rented to third parties and has therefore been dependent for other sources of income to meet the expenses for care of the property.

Plaintiff alleges that her father had the Family Limited Partnerships "pay for his children's insurance and tax obligations," which she would like to continue. She would also like the "long standing practice and policy that payments from other Boutell entities" pay the expenses of the family vacation home to continue. On the other hand, she observes that over the years her capital

account in D&B is over $100,000 in excess of her sister Betsy's account; that, however, she would like corrected. She contends that her brother, Timothy, who assumed her father's role as the general partner of the Family Limited Partnerships sometime in 2003, has failed to address these particular problems in addition to otherwise mismanaging the Family Limited Partnerships.

On February 6, 2012, the Court dismissed three counts from Plaintiff's complaint, finding that they alleged direct causes of action of the Family Limited Partnerships themselves, with only indirect injury to Plaintiff as a partner and her sister who is not a party to the case. Accordingly, Count II alleging Timothy's breach of duty (engaging in transactions and/or making payments for expenses and incurring liabilities that did not either relate to the partnerships or benefit them), Count IV entitled breach of contract (the partnerships were set up to and promised to provide financial support to and cover certain expenses of the limited partners and Defendants breached the promises), and Count V entitled Conversion (Defendants converted property of the Partnerships) were dismissed. Count VI seeking appointment of a receiver was dismissed as it sought a remedy that was only appropriate if Plaintiff prevailed on her allegations of wrongdoing to the Family Limited Partnerships. Count I alleging an entitlement to financial information remains, as does Count II alleging Plaintiff's entitlement to an accounting. Because the Court's exercise of jurisdiction was based upon diversity of citizenship, the Court ordered Plaintiff to show cause whether the amount in controversy exceeded $75,000.

Plaintiff provided her response to the Court's show cause order on February 17, 2012. ECF No. 26. The Court would note as does Plaintiff in her response, that the Court sought, with the parties' consent it believed, to informally referee the production of documents and to narrow and clarify a number of issues. The Boutell family has had the bookkeeping assistance of a gentleman

by the name of Jim Roller who is responsible for much of the Family Limited Partnership bookkeeping and is familiar with the records and their history. Defendants have sought to have Plaintiff and her counsel meet and confer with Roller, who, they believe, has the records necessary to be responsive to their inquiries. Plaintiff, on the other hand, has retained a forensic accountant, Jim Kraenzlien. Save it to say, the parties have not reached any consensus on their respective approaches to Plaintiff's desire for greater financial information. Plaintiff would like Defendants to locate and copy substantial amounts of written discovery for her forensic accountant to review and analyze, and to then depose the bookkeepers and Timothy. Defendants view the approach as a meaningless, expensive production of documents that is not targeted to corroborate or refute Plaintiff's concerns. They have sought to provide specifically identified documents, but less than all of the records requested. Time has proven that a consensus is not likely.

Plaintiff's response outlines the following possible damages resulting from the remaining two claims:

> -The Family Limited Partnerships provided regular income and support for Plaintiff as evidenced by weekly (in the amount of $320.50 per week), monthly (in the amount of $900 per month, and annual draws and distributions which have not been issued since January 1, 2011. Plaintiff contends that this category alone (through mid-February 2012) amounts to damages in excess of $30,739.00.

> -The Family Limited Partnerships provided health insurance premiums, personal liability umbrella insurance premiums, and income tax liability which have not been provided since January 1, 2011. Plaintiff anticipates that this will result in no less than $10,000.00 in damages.

> -Upon information and belief, the Family Limited Partnerships funds were improperly used to answer for expenses of the Walloon Lake vacation home, including but not limited to portions of the Management & Administrative Charges ($18,000.00), Consulting Fees-DEV ($4,000.00), and Miscellaneous Expenses ($2,000.00).

> -Plaintiff and her sister, Betsy Hurn have received unequal draws and/or distributions

>and their capital accounts are not equal as required by the Family Limited Partnerships agreements. Plaintiff anticipates that this has resulted in no less than $10,000.00 in damages, but does not specify who suffered the loss.
>
>-The Defendants have demanded that Plaintiff make significant capital contributions to the Family Limited Partnership holding the vacation home, including $10,000.00 in 2010 and $20,000 as Plaintiff's share of $60,000.00 2011.
>
>-Plaintiff has also incurred over $94,000.00 in attorney fees and costs associated with her request for documents and an accounting in this lawsuit.

Plaintiff also notes that she may be able to amend her complaint to add additional claims based upon information received in discovery. As Plaintiff concedes in her brief, however, damages related to unpleaded counts cannot be used in determining whether she presently satisfies the amount-in-controversy requirement.

A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a). In this case, the parties have stipulated to diversity of citizenship; therefore, the only issue relevant to whether the diversity requirements of § 1332 have been met is whether the amount in controversy exceeds $75,000. Diversity jurisdiction under 28 U.S.C. § 1332 requires that the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. On its face, this language appears to exclude attorney fees and interest. There is an exception, however, for penalties and attorney fees that are mandated by statute upon a judgment in favor of Plaintiff or provided for by contractual agreement. *Clark v. Nat'l Travelers Life Ins*. Co., 518 F.2d 1167, 1168 (6th Cir.1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met."); *see Torres v. State Farm Mut. Auto. Ins. Co.*, 478 F. Supp. 2d 924, 927-28 (E.D. Mich. 2007).

Plaintiff seeks relief pursuant to Mich. Comp. Laws §§ 449.1305(2) and 449.22. Section

449.1305(2) states that each limited partner has the right to

> [o]btain from the general partners, from time to time, upon reasonable demand (i) true and full information regarding the state of the business and financial condition of the limited partnership, (ii) promptly after becoming available, a copy of the limited partnership's federal, state, and local income tax returns for each year, and (iii) other information regarding the affairs of the limited partnership as is just and reasonable.

Plaintiff requests that the Court grant injunctive relief and order Defendants to produce all the documents she has requested and to award attorney fees and costs incurred as a result if she prevails on this claim.

A claim for accounting pursuant to § 449.22 is an equitable remedy. Section 449.22 provides that

> [a]ny partner shall have the right to a formal account as to partnership affairs:
> (a) If he is wrongfully excluded from the partnership business or possession of its property by his copartners;
> (b) If the right exists under the terms of any agreement,
> (c) As provided by section [449.]21;
> (d) Whenever other circumstances render it just and reasonable.

Plaintiff requests that the Court order Defendants to provide Plaintiff with an accounting of D&B and D,T & B by an independent and neutral auditor, including but not limited to an accounting of all revenues, expenses, distributions and transactions involving any of the other Boutell Enterprises in which Tim Boutell has an interest if she prevails on this claim.

The determination of the value of the matter in controversy for the purpose of federal jurisdiction is made through the application of federal standards. *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 352 (1961). However, in a diversity case, the court is required to look to state law to determine the nature and extent of the damages to be awarded. *Id.* at 352-53. Where injunctive relief is requested, the value of the relief for purposes of the amount in controversy requirement is

the value of the object of the litigation measured from the plaintiff's perspective; that is, the monetary value of the benefit that the plaintiff would receive if the injunction were granted. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000); *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218–20 (11th Cir. 1997); *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 260 (E.D. Mich.2001). However, this liberal standard for jurisdictional pleading "is not a license for conjecture." *Morrison*, 228 F.3d at 1268.

In this case, Plaintiff seeks an injunction enforcing her right under Mich. Comp. Laws §§ 449.1305(2) and 449.22 to have Defendants produce the documents requested and for Defendants to provide Plaintiff with an accounting of D&B and D,T & B by an independent and neutral auditor. Neither statutory section contains a provision authorizing money damages for noncompliance nor, on the other hand, does it establish a penalty for the expenses of responding to an overbroad request. Thus, even if plaintiff prevails on her claims under Mich. Comp. Laws §§ 449.1305(2) and 449.22, the most she will receive is an order directing the defendants to produce the documents and records and to provide an accounting.

Plaintiff argues that the potential monetary damages due to her brother's mismanagement of the partnerships should be considered as the amount in controversy. However, even if Plaintiff is correct that the Family Limited Partnerships have been damaged by her brother's alleged misfeasance or malfeasance, it will, at best, be corroborated by the financial information and the accounting. The Family Limited Partnerships will still have to pursue a damage remedy to recover. Indeed, any monetary remedy related to the alleged wrongs outlined in Plaintiff's supplemental brief would flow to the partnership and are thus encompassed by the claims that have been dismissed. Moreover, neither statutory provision mandates that a defendant pay penalties and attorney fees

upon a judgment in favor of a plaintiff and Plaintiff's attorney's fees thus cannot provide a basis for the amount-in-controversy requirement for diversity jurisdiction.

Plaintiff also requests clarification of the Court's order dismissing Counts II through V with prejudice. These claims were dismissed with prejudice only as to Plaintiff's ability to bring the claims in her individual capacity as a limited partner. The Court's opinion and order did not adjudicate the Family Limited Partnerships' ability to assert such claims directly or Plaintiff's ability to bring the claims derivatively in the name of the partnerships upon default of the partnerships to act.

Accordingly, it is **ORDERED** that the case is **DISMISSED** for lack of subject matter jurisdiction.

It is further **ORDERED** that Plaintiff's motion to compel due diligence discovery (ECF No. 13) is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's motion to enjoin capital call and appointment of receiver (ECF No. 23) is **DENIED AS MOOT**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 30, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS